UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY JOHNSON,

       Plaintiff,                              Case No. 22-11232

vs.                                           HON. MARK A. GOLDSMITH

MICHIGAN BOARD OF STATE
CANVASSERS, et al.,

       Defendants.
_____/

**ORDER REGARDING FILINGS**

The Court has adopted the following requirements regarding filings.

1. To effectuate Local Rule 7.1(a), counsel for a moving party must certify in the first paragraph of every motion filed, other than a motion that may be filed ex parte, that one of the following statements, or one substantially similar to it, is true:

   a) The undersigned counsel certifies that counsel <u>personally</u> spoke to, or met with, opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.
   b) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter expressly denied concurrence.
   c) The undersigned counsel certifies that counsel communicated <u>in writing</u> with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and <u>three business days</u> have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.
   d) The undersigned counsel certifies that counsel made no attempt or a limited attempt to seek concurrence in the relief requested by this motion because of the following exceptional circumstances. [Set forth the exceptional circumstances with specificity.]

The above statements shall be modified appropriately where one or more parties is unrepresented. <u>The failure to certify compliance with this paragraph will result in the motion being struck</u>.

2. For all documents filed on the docket, including all pleadings (except the complaint), motions, responses, and briefs, the Court requires filing counsel (or party, if unrepresented) to include the following certification language:

"LOCAL RULE CERTIFICATION: I, [counsel's name, or party's name, if unrepresented], certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3)."

3. The Court prohibits the use of excessive footnotes in briefs. A brief supporting a motion or response may not contain more than 30 lines of footnotes. A brief supporting a reply may not contain more than 15 lines of footnotes.

Failure to comply with the requirements set forth in this order will result in the filed document being stricken.

SO ORDERED.

Dated: June 8, 2022  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge